**Elias ELEFTHERIOU, Plaintiff,**

v.

**TANKER ARCHONTISSA, etc., et al., Defendants.**

**Civ. A. No. 550-69-N.**

United States District Court, E. D. Virginia, Norfolk Division.

Sept. 14, 1970.

Howell, Anninos & Daugherty, Robert E. Brown, Norfolk, Va., for plaintiff.

Seawell, McCoy, Winston & Dalton, Richard I. Gulick, Norfolk, Va., for defendants.

## OPINION AND ORDER

KELLAM, District Judge.

On June 3, 1970, this Court sustained defendant's motion to quash service of process served pursuant to the provisions of Section 8–60 of the Code of Virginia. Subsequently, plaintiff sought to serve the defendant corporation under the provisions of Section 8–81.2 of the Code of Virginia, known as the Long Arm Statute. Defendant again moves to quash service of process.

The facts are set out in the Opinion and Order of June 3, 1970, and will not be re-stated. No additional evidence has been presented. Process was again issued for defendant corporation and served on the Secretary of the Commonwealth of Virginia, as provided for in Section 8–81.3.

Plaintiff asserts the service of process is good and valid, and entitles him to proceed in personam against defendant corporation pursuant to the provisions of Section 8–81.2 of the Code of Virginia. Plaintiff relies on those portions of that section which provide:

§ 8–81.2. *When Personal Jurisdiction over Person May be Exercised.*

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's

(1) Transacting any business in this State;

(2) Contracting to supply services or things in this State.

Pursuant to the Statute, it is clear that jurisdiction is based on "a cause of action arising from the person's" acts in (a) "transacting any business in this State," or acts in (b) "contracting to supply services or things in this State."

Plaintiff was injured while the defendant's vessel was on the high seas near the port of Aruba. The vessel did not enter Virginia waters until seven days thereafter. Hence, the cause of action did not arise "from the person's" [defendant's] "transacting any business in this State." The vessel had not been in the State and was not within the State for seven days thereafter. Nor did the cause of action arise "from the person's" [defendant's] "contracting to supply services or things in this State."

The basis of plaintiff's claim is breach of a covenant of seaworthiness and negligence. Hence did the cause of action arise from defendant's "transacting any business in this State," or "contracting to supply services or things in this State?" The cause of action arose from the injury incurred and as a result of alleged unseaworthiness of the vessel and/or negligence of the vessel. The negligence was an act or acts of omission or commission by defendant. Before the vessel ever reached the Virginia waters, the alleged act or acts which constituted a breach of the covenant of seaworthiness and/or negligence may have ceased to exist. The injury was not one "arising from the [defendant's] transacting any business in this State," or from "contracting to supply services or things in this State." And, "[T]he cause of action in this case is not one that arises out of an act done or transaction consummated in * * * [this] State." Hanson v. Denckla, 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283.

If "A", a foreign corporation sold and agreed to deliver lumber to "B" in Virginia, and "C", an employee of "A", in a foreign state was injured while felling the trees, or sawing them into lumber, or in loading them aboard a ship or railroad car in a foreign state, could it be said that "C" had "a cause of action arising from" "A" "transacting any business in this State," or from "contracting to supply services or things in this State," which he could maintan against "A" in Virginia by service under the Long Arm Statute? I think not. The injury, which gives rise to the cause of action, clearly did not "arise from" the business "transacted *in* this state," or from "contracting to supply services *in* this state."

I am of the opinion that it was never the intent of the statute to go so far. If such was the intent it would seem that the additions to sub-paragraph a(4) and (5) of Section 8–81.2 of the language that the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used * * * or services rendered," would have been meaningless. The motion to quash is sustained.